# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

AMERICAN TECHNOLOGY VENTURES, LLC,

          Plaintiff,

   v.

EDUARD ORLOV, an individual.

         Defendant.

Case No. 1:20-cv-23792

## NOTICE OF REMOVAL

PLEASE TAKE NOTE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Eduard Orlov, ("***Defendant***") an individual, hereby removes this action to the United States District Court for the Southern District of Florida. The grounds for removal are as follows:

1.     On or about July 7, 2020, Plaintiff, American Technology Ventures, LLC, (hereinafter "ATV" or "American Technology Ventures"), a Florida limited liability company doing business in this district, having a business in this district at 15701 NW 15th Avenue, Miami, Florida 33169, commenced an action against Defendant in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Civil Division, entitled *American Technology Ventures, LLC, V. Eduard Orlov,* Case No.: CACE-20-010937, by filing a complaint. See attached as Exhibit A.

2.     Eduard Orlov, an individual, who is a citizen of Russian Federation, and who resides in this district, having his address in this district and in Broward County, Florida, at 1557 Mariner Way, Hollywood, Florida 33019, first received notice of the complaint on or about July 24, 2020.

3.     Eduard Orlov's counsel, Sergei Orel, Esq.[1], has reached out to Plaintiff's counsel, Anastasiya Sack, and both counsel agreed upon a 30-day extension of time for Defendant to file

---

[1] Mr. Orel will be seeking to appear *pro hac vice* in this matter.

answer to the complaint, with the new deadline to file answer or otherwise plead now falling on September 12, 2020.  See attached as <u>Exhibit B</u>.

4.      Defendant has filed an Answer and Counterclaims to Plaintiff's complaint on September 11, 2020, with the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Civil Division, in the matter entitled *American Technology Ventures, LLC v. Eduard Orlov*, Case No.: CACE-20-010937.  See attached as <u>Exhibit C</u>.

5.      There is a federal question in the underlying facts of the lawsuit in question, i.e., federal statutory claims such as claims of trademark infringement as committed by the Plaintiff, and there is also a question of trademark ownership in this matter. This Court has jurisdiction of this action under 28 U.S.C. §1331, in that the United States Code confers upon federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331, which grants what is commonly referred to as federal question jurisdiction, is an all-purpose jurisdictional statute, available regardless of the defendant's identity and, is not limited by any requirement that a minimum dollar amount be in controversy.

6.      Further, this Court has jurisdiction over this case pursuant to 28 U.S.C. §1446(c), because the amount in controversy is at least $296,000.00.  Defendant in his Counterclaim has asserted claims of breach of written employment contract, breach or oral employment contract, and unjust enrichment, in the amount of $296,000.00 plus interest, as listed in Counts I through III in the Counterclaim. As a result, this Court has jurisdiction over this case pursuant to 28 U.S.C. §1332(a), because the matter in controversy exceeds the sum of $75,000 and is between diverse parties, i.e., a citizen of a foreign state, i.e., Defendant Eduard Orlov is a citizen of the Russian Federation, and a Florida limited liability company Plaintiff, whose sole member is a Bobkov Vasilii, a citizen of the Russian Federation.

7.      Further, this Court has jurisdiction over the matter in question pursuant to section 28

U.S.C. §1337(a), which grants jurisdiction of cases arising under any congressional act regulating commerce, 28 U.S.C. §1337(a).

8.      This Court has jurisdiction over the matter in question pursuant to Section 28 U.S.C §1338, which confers jurisdiction in trademark cases, i.e., "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

9.      In this matter, the trademark infringement claims that are listed in Counts IV through VII of the Counterclaims by the Defendant under Section 43(a) of the Lanham Act, 15 U.S.C. §1125.

10.     In addition, this matter should be heard by this Court, as opposed to the state court, because there is already a federal lawsuit pending  before this court that was filed by the same party plaintiff as in this case, plus another plaintiff,  against the same defendant as in this case, plus another defendant, based on the same facts and having many same issues in controversy, i.e., trademark infringement, domain name right infringement, that arise of the same dealings between the respective parties as in the state complaint.  The Plaintiff has filed on September 8, 2020, with this court a complaint in the matter of *American Technology Ventures, LLC, et al., vs. Eduard Orlov, et. al.*, Case No.: 1:20-cv-23728-KMW.

11.     Accordingly, this court has jurisdiction of this action pursuant to 28 U.S.C. §§1331, 1332, 1338, 1367, 1441, 1446(c), and 15 U.S.C. §1051 et seq.

12.     Venue is properly founded in this district pursuant to 28 U.S.C. §1391(b) and (c).

13.     Venue for this case at the Miami location of the U.S. District Court for the Southern District of Florida is proper based on the business address of the Plaintiff/Counterclaim Defendant American Technology Ventures, LLC, in the city of Miami, Miami-Dade County, Florida.

14.     This notice of Removal is being filed and served within thirty (30) days after receipt by Defendant Eduard Orlov of a copy of the initial pleading setting forth the claim upon which such

action or proceeding is based and is timely under 28 U.S.C. §1446(b), including the thirty (30) day extension as agreed upon by the parties to the lawsuit.  Copies of all records and proceedings in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Civil Division, are contained in the exhibits accompanying this Notice of Removal.

15.     A copy of this Notice is being served by first class mail and via email on the Plaintiff by service upon its attorney of record, and a copy of the Notice of Removal is being filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Civil Division, in this action.

16.     Defendant has otherwise met all procedural requirements for removal of this matter.

17.     By removing this case to Federal Court, Defendant does not waive any defenses available to him.

WHEREFORE Defendant removes the above-captioned case from the Seventeenth Judicial Circuit in and for Broward County to the United States District Court of the Southern District of Florida.

DATED:        September 11, 2020

Respectfully submitted

**MILLENNIAL LAW, INC**
501 E. Las Olas Blvd, Suite 200/308
Fort Lauderdale Fl 33301
Phone: 954-271-2719

By: /s/ Zachary P. Hyman_____
        Zachary P. Hyman
        Florida Bar No.  98581
        zach@millenniallaw.com
        millenniallawforms@gmail.com
        jessica@millenniallaw.com


and

**MUNCK WILSON MANDALA, LLP**

5

1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone (972)628-3600

By: /s/ Amanda Greenspon, Esq.
    Amanda Greenspon, Esq.
    Florida Bar No. 1014584
    agreenspon@munckwilson.com
    *Pending Admission to the United States*
    *District Court in and for the Southern District*
    *of Florida*

    Attorneys for Defendant Eduard Orlov


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on

September 11, 2020 on all counsel who elected to receive service and onto counsel for Plaintiff at

the e-mail addresses listed below.


Anastasiya Sack, Esq.
The Law Offices of Anastasiya Sack, PLLC
525 71st Street #6537
Miami Beach, FL 33141
Phone: (305) 206 – 1995
Email: asack@yahoo.com
*Attorneys for Plaintiff*
*American Technology Ventures, Inc*

                    /s/ Zachary P. Hyman
                    Zachary P. Hyman

# EXHIBIT A

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>American Technology Ventures, LLC</u>
 Plaintiff
            vs.
<u>Eduard Orlov</u>
Defendant

---

**II.     AMOUNT OF CLAIM**
      Please indicate the estimated amount of the claim rounded to the nearest dollar <u>$57,000</u>

**III.    TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

| | |
|---|---|
| ☐ Condominium | ☐ Malpractice – other professional |
| ☐ Contracts and indebtedness | ☒ Other |
| ☐ Eminent domain | ☐ Antitrust/Trade Regulation |
| ☐ Auto negligence | ☒ Business Transaction |
| ☐ Negligence – other | ☐ Circuit Civil - Not Applicable |
| ☐ Business governance | ☐ Constitutional challenge-statute or ordinance |
| ☐ Business torts | ☐ Constitutional challenge-proposed amendment |
| ☐ Environmental/Toxic tort | ☐ Corporate Trusts |
| ☐ Third party indemnification | ☐ Discrimination-employment or other |
| ☐ Construction defect | ☐ Insurance claims |
| ☐ Mass tort | ☐ Intellectual property |
| ☐ Negligent security | ☐ Libel/Slander |
| ☐ Nursing home negligence | ☐ Shareholder derivative action |
| ☐ Premises liability – commercial | ☐ Securities litigation |
| ☐ Premises liability – residential | ☐ Trade secrets |
| ☐ Products liability | ☐ Trust litigation |
| ☐ Real Property/Mortgage foreclosure | ☐ County Civil |
| ☐ Commercial foreclosure | ☐ Small Claims up to $8,000 |
| ☐ Homestead residential foreclosure | ☐ Civil |
| ☐ Non-homestead residential foreclosure | ☐ Replevins |
| ☐ Other real property actions | ☐ Evictions |
| ☐ Professional malpractice | ☐ Other civil (non-monetary) |
| ☐ Malpractice – business | |
| ☐ Malpractice – medical | |

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Non-monetary declaratory or injunctive relief;
☒ Punitive

**V.      NUMBER OF CAUSES OF ACTION:**
(Specify)

3

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☐ Yes
☒ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:    s/ Anastasiya Sack
              Attorney or party
FL Bar No.:  1003691
              (Bar number, if attorney)
              Anastasiya Sack
              (Type or print name)
Date:   07/07/2020

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRUCIT, IN AND
FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION
CASE NO.

AMERICAN TECHNOLOGY VENTURES, LLC,
     Plaintiff,

v.

EDUARD ORLOV,
     Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, AMERICAN TECHNOLOGY VENTURES, LLC

("Plaintiff") a limited liability company, hereby sues EDUARD ORLOV, ("Defendant"), an

individual, by and through the undersigned counsel, and states as follows:

1.     This is an action for damages in excess of $30,000, but not exceeding $74,999, exclusive

of interest and costs, and is within the jurisdiction of this Court.

2.     The Plaintiff, AMERICAN TECHNOLOGY VENTURES, LLC, is a limited liability

company registered in Delaware, with a principal place of business in Miami, Florida.

3.     The Defendant, EDUARD ORLOV, is resident of Broward County and is otherwise *sui*

*juris*.

4.     Venue is proper in the Seventeenth Judicial Circuit, Broward County, Florida, as the

defendant is a resident of Broward County, and because much of the conduct alleged below

occurred in Broward County, Florida.

1

5.      From March, 2019 till about June 1st, 2020, the Defendant acted as a consultant for the Plaintiff, American Technology Ventures, LLC.

6.      Defendant's compensation for such services was based on the commissions, as per agreement and understanding of both parties.

7.      On or about March 23rd, 2019, Plaintiff opened a business operating account in Wells Fargo Bank, Hallandale, Florida (the "Account").

8.      Plaintiff was listed as the owner on the account, while the Defendant was listed as one of the signers on the Account.

9.      Defendant received two debit cards from the Account with the agreement and understanding that the cards are to be used for work-related expenses only, e.g. gas, tolls, etc.

10.     Furthermore, the Defendant had to received prior authorization from the Plaintiff, before utilizing such cards for any work-related expenses.

11.     On or about June 1st, 2020, Plaintiff terminated all employment relationship and agreements with the Defendant, and informed the Defendant of such termination.

12.     Plaintiff, likewise, informed the Defendant that the Defendant has no further authorization to use the debit cards; shall have no further access to the Account; and shall not use or access any other property belonging to the Plaintiff.

13.     Plaintiff requested that the Defendant returns all the debit cards issued to him from the Account.

14.     Defendant returned only one of the cards.

15.     On or about June 20th, 2020, Defendant withdrew $51,000 from the Account, without authorization or presence of the Plaintiff's representative.

16.     Plaintiff immediately contacted the Defendant in writing and requested the return of the money, and further instructed the Defendant not to withdraw any further sums from the Account.

17.     Plaintiff informed the Wells Fargo bank of such unauthorized withdrawal.

18.     Despite that, on or about June 25th, 2020, Defendant withdrew another $6,000 from the Account, without authorization or presence of the Plaintiff's representative.

19.     As a result of the Defendant's actions, Plaintiff has retained the Law Offices of Anastasiya Sack, PLLC to represent her in this matter, and is obligated to pay the firm reasonable attorney's fees and costs associated with bringing forth this action.

20.     All conditions to bringing forth this action have occurred or have been waived.

## COUNT I: BREACH OF FEDUCIARY DUTY

21.     Plaintiff reavers and realleges the allegations contained in ¶s 1-20 as if fully set herein and further states:

22.     Plaintiff and Defendant shared a business relationship, where Defendant undertook a duty to advice the Plaintiff regarding the business and its operation. In return, Plaintiff added Defendant as a signer to the Plaintiff's business account.

23.     Defendant's conduct in making an unauthorized withdrawal from the account was a material breach of the fiduciary relationship existing between the Plaintiff and the Defendant which arose from the special relationship of trust and confidence existing between the Plaintiff and the Defendant. These material breache include the breache of the duties of loyalty, fidelity, honesty, candor, fair dealing, and full disclosure owed by the Defendant to the Plaintiff.

24.     As a direct and proximate result of the Defendant's breach of fiduciary duties owned to the Plaintiff, the Plaintiff have suffered damages which have accrued and continue to accrue.

25.     Plaintiff's compensatory damages awarded will not fully compensate the Plaintiff, because Defendant made an additional transfers after being told not to make any further withdrawals. Therefore, punitive damages should also be awarded, and Plaintiff will properly request the Court award same.

26.     Plaintiff has been damaged as a result of the Defendant's actions.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court enter a judgment in favor of the Plaintiff and against the Defendant; award attorney's fees and costs incurred in bringing forth this action; and any such further relief this Honorable Court deems just and proper under the circumstances.

## COUNT II: BREACH OF IMPLIED COVENANT OF GOOD FAITH ANF FAIR DEALING

27.     Plaintiff reavers and realleges the allegations contained in ¶s 1-26 as if fully set herein and further states:

28.     Defendant's abuse of the confidential and fiduciary relationship existing among the parties was accomplished in bad faith, and with disregard of the Plaintiff's rights and for the Defendant's own financial gain.

WHEREFORE, Plaintiff, respectfully requests this Honorable Court enter a judgment in favor of Plaintiff and against Defendant; award attorney's fees and costs incurred in bringing forth this action; and any such further relief this Honorable Court deems just and proper under the circumstances.

## COUNT III: UNJUST ENRICHMENT

29.     In the alternative, Plaintiff reavers and realleges the allegations contained in ¶s 1-20 as if fully set herein and further states:

30.     Defendant has been unjustly enriched as a result of his action, and under the circumstances, it would be inequitable for him to the money

WHEREFORE, Plaintiff, respectfully requests this Honorable Court enter a judgment in favor of Plaintiff and against Defendant; award attorney's fees and costs incurred in bringing forth this action; and any such further relief this Honorable Court deems just and proper under the circumstances.

## RESERVATION OF RIGHT TO AMEND

Plaintiff has been experiencing continuous harm from the Defendant's actions, and, accordingly, reserves the right to correct, amend, and/or supplement his complaint as discovery warrants.

## NOTIFICATION OF INTENT TO SEEK PUNITIVE DAMAGES

Plaintiff hereby gives notice of his intent to amend and seek punitive damages.

**CERTIFICATE OF SERVICE**

I HEREBYCERTIFY that a true and correct copy of the foregoing was filed through the

e-filing portal and will be served on Eduard Orlov residing at: 1557 Mariner Way, Hollywood, FL

33019.

> The Law Offices of Anastasiya Sack, PLLC
> Attorney for Mrs. Richards
> 525 71st St., #6537
> Miami Beach, FL 33141
> Phone: (305)-206-1995
> Email: asack@yahoo.com
>
>
> By:_____s/Anastasiya Sack_____
>      Anastasiya Sack, Esq.
>      FBN: 1003691

# EXHIBIT B

IN THE CIRCUIT COURT OF THE SEVENTEENTH WDICIAL CIRUCIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL CASE: CACE-20-010937
DIVISION:09

AMERICAN TECHNOLOGY VENTURES, LLC,

     *Plaintiff,*

v.

EDUARD ORLOV,

     *Defendant.*

_____/

## STIPULATION TO EXTEND TIME FOR DEFENDANT TO RESPOND TO PLAINTIFF'S COMPLAINT

     IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys that Defendant, Eduard Orlov, may have additional time within which to answer or otherwise respond to Plaintiff's complaint. Therefore, the last day for defendant to answer or otherwise respond to plaintiff's complaint is Saturday, September 12, 2020.

     This document is being electronically filed through the Court's ECF System. In this regard, counsel for Defendants hereby attests that (1) the content of this document is acceptable to all persons required to sign the document; and (2) this is the one-time extension.

By: /s/Anastasiya Sack
Anastasiya Sack, Esq.
FBN: 1003691
Attorney for Plaintiff

                 By: /s/Sergei Orel
                 Sergei Orel, Esq.
                 New Jersey Bar Number: 008862001

                 (*Pro Hac Vice* Application To Be Submitted)
                 Attorney for Defendant
                 2125 Center Avenue, Suite 608
                 Fort Lee, New Jersey 07024
                 Tel: 201-491-1464
                 Fax: 201-604-6775
                 Email: sorel@sergei-orel.com

1

# EXHIBIT C

## Sergei A. Orel

**From:**            Amanda Greenspon
**Sent:**            Friday, September 11, 2020 5:42 PM
**To:**            Sarabi G. Rodriguez; Darla R. Pound; Jenifer C. Wallis; Sergei A. Orel
**Subject:**            FW: Filing Received

Amanda K. Greenspon
Munck Wilson Mandala
972.628.3604 Direct
agreenspon@munckwilson.com
**\*\*Licensed in Connecticut and Florida**

**From:** noreply@myflcourtaccess.com <noreply@myflcourtaccess.com>
**Sent:** Friday, September 11, 2020 6:35 PM
**Subject:** Filing Received

Dear Amanda Kate Greenspon:

This email verifies the receipt of 1 document submitted by you to Broward Circuit Civil on 09/11/2020 06:35:01 PM.

| | |
|---|---|
| UCN: | 062020CA010937AXXXCE |
| Clerk Case #: | CACE-20-010937 |
| Case Style: | AMERICAN TECHNOLOGY VENTURES, VS ORLOV, EDUARD |
| Document Title: | Answer to Complaint |
| Matter #: | |
| Memo: | |
| Filing Fee: | $0.00 |
| All Answer to Complaint: | $0.00 |
| Statutory Convenience Fee: | $0.00 |
| Total Fee: | $0.00 |
| Fee Status: | Assessed |
| Paid By: | No Payment Required |
| MFC Order #: | |

**The E-Portal reference number of this filing is: 113262194.** Please reference this Filing # in any correspondence.

You will receive a follow-up email when your filing has been docketed with the Clerk.

Follow us on Twitter @FLCourtsEFiling

Subscribe to our YouTube Channel https://www.youtube.com/user/FLCrtsEFilingPortal

View the Training Manuals https://www.myflcourtaccess.com/authority/trainingmanuals.html

This is a non-monitored email. Do not reply directly to it. If you have any questions about this filing please contact the Broward Circuit Civil division.

Thank you,
The Florida Courts E-Filing Portal

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMANDA GREENSPON (SBN 1014584)
agreenspon@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone:     (972) 628-3600


Attorneys for Defendant/Counterclaimant,
Eduard Orlov

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,**

**IN AND FOR BROWARD COUNTY, FLORIDA**

**CIVIL DIVISION**

| | |
|---|---|
| AMERICAN TECHNOLOGY VENTURES, LLC, | Case No. CACE-20-010937 |
| Plaintiff, | Div: D9 |
| v. | **ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT** |
| EDUARD ORLOV, an individual. | |
| Defendant. | Action Filed:  July 10, 2020 |
| | Trial Date: TBD |
| EDUARD ORLOV and DEVOLRO GROUP, LLC, a Florida LLC | |
| Counterclaimants, | |
| v. | |
| AMERICAN TECHNOLOGY VENTURES, LLC, | |
| Counterdefendant. | |

*MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067*

1
**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD
ORLOV TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant/Counterclaimant, **Eduard Orlov**, and pursuant to Rule 1.110 of the Florida *Code of Civil Procedure* answers Plaintiff's Complaint, asserts affirmative defenses, asserts counterclaims[1] and demands a jury trial on all causes of action and counterclaims as follows:

1. Defendant E²duard Orlov denies the allegations in paragraph 1, as he lacks first-hand knowledge of the allegations contained in paragraph 1 and leaves Plaintiff to its proofs.

2. Defendant Eduard Orlov admits the allegations in paragraph 2.

3. Defendant Eduard Orlov admits the allegations in paragraph 3.

4. Defendant Eduard Orlov denies the allegations in paragraph 4.

5. Defendant Eduard Orlov denies the allegations in paragraph 5.

6. Defendant Eduard Orlov denies the allegations in paragraph 6.

7. Defendant Eduard Orlov denies the allegations in paragraph 7.

8. Defendant Eduard Orlov denies the allegations in paragraph 8.

9. Defendant Eduard Orlov denies the allegations in paragraph 9.

10. Defendant Eduard Orlov denies the allegations in paragraph 10.

11. Defendant Eduard Orlov denies the allegations in paragraph 11.

12. Defendant Eduard Orlov denies the allegations in paragraph 12.

13. Defendant Eduard Orlov denies the allegations in paragraph 13.

14. Defendant Eduard Orlov denies the allegations in paragraph 14.

15. Defendant Eduard Orlov denies the allegation in paragraph 15.

16. Defendant Eduard Orlov denies the allegations in paragraph 16.

17. Defendant Eduard Orlov denies the allegations in paragraph 17, as he lacks first-hand knowledge of the allegations contained in paragraph 17 and leaves Plaintiff to its proofs.

18. Defendant Eduard Orlov denies the allegations in paragraph 18.

19. Defendant Eduard Orlov denies the allegations in paragraph 19, as he lacks first-hand knowledge of the allegations contained in paragraph 19 and leaves Plaintiff to its proofs.

20. Defendant Eduard Orlov denies the allegations in paragraph 20, as he lacks first-hand knowledge of the allegations contained in paragraph 20 and leaves Plaintiff to its proofs.

---

[1] Devolro Group, LLC joins in the counterclaims.

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

## COUNT I

21.    Defendant, Eduard Orlov repeats all of his above Answers to each and every of the above allegations as if fully set forth at length herein.

22.    Defendant Eduard Orlov denies the allegations in paragraph 22.

23.    Defendant Eduard Orlov denies the allegations in paragraph 23.

24.    Defendant Eduard Orlov denies the allegations in paragraph 24.

25.    Defendant Eduard Orlov denies the allegations in paragraph 25.

26.    Defendant Eduard Orlov denies the allegations in paragraph 26.

## COUNT II

27.    Defendant, Eduard Orlov repeats all of his above Answers to each and every of the above allegations as if fully set forth at length herein.

28.    Defendant Eduard Orlov denies the allegations in paragraph 28.

## COUNT III

29.    Defendant, Eduard Orlov repeats all of his above Answers to each and every of the above allegations as if fully set forth at length herein.

30.    Defendant Eduard Orlov denies the allegations in paragraph 28.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff's Complaint, and each cause of action asserted therein, fails to state facts sufficient to constitute a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff failed to exercise ordinary care and caution for its own safety or welfare, or to avoid the happening of said accident or damages, if any, sustained, and that as a direct and proximate result of its failure to exercise ordinary care and caution, as aforesaid, the negligent acts and omissions of plaintiff did legally and proximately cause and contribute to the occurrence of said accident, injuries and damages, if any, sustained.  By reason whereof, plaintiff should be denied recovery in whole or in part as against this answering defendant.

### THIRD AFFIRMATIVE DEFENSE

3.    This defendant believes that other persons or entities, the true names and capacities of

3

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

which may be unknown to this answering defendant, was in some manner negligently responsible for or at fault in proximately causing the damages allegedly sustained by plaintiff, and if it should be found at trial of this action that this defendant and said other persons or entities were negligently responsible or at fault in proximately causing said damages, the damages should be awarded against said other persons or entities and this defendant in proportion to their relative fault or negligence, if any.

FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff failed to take reasonable action to avoid or mitigate the alleged detriments or damages.

FIFTH AFFIRMATIVE DEFENSE

5.      That all of the risks, hazards, and dangers, if any, inherent in the subject incident were fully known, appreciated and understood by plaintiff who nevertheless freely and voluntarily elected to assume and undertake such hazards, risks, and dangers, and thereby voluntarily assumed the risk of possible injury so that the plaintiff is barred from any recovery plaintiff might otherwise have had.

SIXTH AFFIRMATIVE DEFENSE

6.      This defendant alleges that all causes of action in said Complaint are barred by the appropriate provisions of laws of the United States and/or the State of Florida governing the statutes of limitation.

SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff consented to any taking of the property.

EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff has failed to identify a specific, identifiable sum of money allegedly taken and therefore Plaintiff's conversion cause of action is barred.

NINTH AFFIRMATIVE DEFENSE

9.      Based on information and belief, DEFENDANTS alleges that plaintiff's injuries, if any, were proximately caused by unforeseeable, independent, intervening and/or superseding acts or events beyond the control of DEFENDANTS and its actions, if any, were superseded by the negligence and wrongful conduct of others.

///

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

TENTH AFFIRMATIVE DEFENSE

10.     That if defendants have any involvement in this matter at all, they were nothing more than providers of a service and cannot be held strictly liable for the Plaintiff's injuries.

ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff failed to mitigate damages.

TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims against this Defendant are barred by laches.

THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims against this Defendant are barred by ratification.

FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims are barred by unclean hands.

FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's claims are barred by waiver.

SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff has not stated any claims which entitles it to attorneys' fees.

SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's damages, if any must be offset by monies previously paid by Defendant to Plaintiff.

EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's claims are barred because Plaintiff breached the contract at issue.

NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims are barred because it failed to meet conditions precedent in the contract at issue.

TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims are barred because it failed to give proper notice of breach of contract.

TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Pursuant to the contract itself, Plaintiff's claims must be bought in arbitration due to the binding arbitration clause included in the Agreement.

///

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff cannot establish alter ego against this Defendant.

TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff has no cause of action against this Defendant.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     This Defendant is not contractually obligated to Plaintiff in his individual capacity.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff fails to state a claim upon which relief can be granted.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff lacks standing to bring suit against Defendant.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred by unjust enrichment.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiff's claims are barred by unclean hands.

TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Plaintiff's claims are barred by misrepresentation of material fact.

THIRTIETH AFFIRMATIVE DEFENSE

30.     Plaintiff's claims are barred by Laches.

THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiff's claims are barred by Estoppel.

THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Plaintiff's claims are barred because this court lacks jurisdiction to hear its claims.

THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Plaintiff's claims are barred due to Plaintiff's Breach of duty.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Plaintiff's claims are barred due to Plaintiff's tortious interference with Defendant's prospective economic advantage.

THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     Plaintiff's claims are barred due to Plaintiffs' tortious interference with Defendant's

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

contractual relationship

THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     Plaintiff's claims are barred due to Plaintiff's lack of consideration.

THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     Plaintiff's claims are barred due to Plaintiff's fraud in the inducement.

THIRTY-EIGTH AFFIRMATIVE DEFENSE

38.     Plaintiff's claims are barred because Plaintiff's own acts and/or omissions proximately caused, and contributed to, any and all Plaintiff's injuries alleged in Plaintiff's complaint.

THIRTY-NINTH AFFIRMATIVE DEFENSE

39.     [Reservation] This answering defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated affirmative defenses available.  This answering defendant reserves herein the right to assert additional defenses in the event that discovery reveals such defenses would be appropriate.

WHEREFORE, this answering defendant prays:

1.     That Plaintiff takes nothing;

2.     For costs of suit incurred herein;

3.     For this defendant's attorney's fees incurred in this matter; and

4.     For such other and further relief as the court may deem just and proper.

## COUNTERCLAIMS

DEVOLO GROUP, LLC, a Florida LLC doing business in Florida joins in certain of the following counterclaims. The Defendant Eduard Orlov and DEVOLRO GROUP, LLC by way of Counterclaims and Claims against the Plaintiff say:

## STATEMENT OF FACTS

1.     The cause of action in the current Counterclaim against the Plaintiff arises out of a failed business arrangement and a series of business agreements and contracts between Defendant Eduard Orlov and Vasilii Bobkov, the accidental new owner of the Plaintiff company American Technology Ventures, LLC.

2.     In the year 2018 Vasilii Bobkov approached Eduard Orlov with a proposal to invest into Eduard Orlov's truck and SUV customization business called DEVOLRO, so that Vasilii Bobkov

7

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

and his family would receive permanent residency status in the United States through the so-called EB-5 immigrant visa petition through investment program that is administered by the US Department of Homeland Security, US Citizenship and Immigration Services pursuant to 8 CFR § 204.6.  In accordance with conditions of the EB-5 immigrant visa program, Vasilii Bobkov agreed to, and was required by Code of Federal Regulation, to make an investment of no less than $900,000 into an existing business enterprise in a targeted employment area in South Florida, and/or increase the net worth, or in the number of employees, of such existing business as Eduard Orlov's business by no less than 40 percent, so that the new net worth, or number of employees, in Eduard Orlov's existing business would amount to at least 140 percent of the pre-expansion net worth or number of employees.

3.      On January 22, 2019, Vasilii Bobkov and Eduard Orlov signed a limited liability company operating agreement of Devolro Group, LLC, whereas Eduard Orlov sold 51% of ownership interest in Devolro Group, LLC, to Vasilii Bobkov.

4.      The intended investment of funds by Vasilii Bobkov into Eduard Orlov's business, Devolro Group, LLC, was to be used towards the business' operating expenses in order to increase production of Eduard Orlov's existing operations.

5.      According to the operating agreement of Devolro Group, LLC, Vasilii Bobkov was to invest $500,000 into the company, and both Eduard Orlov and Vasilii Bobkov were to receive a weekly gross salary of $4,000.00 each.

6.      Vasilii Bobkov never invested the $500,000 into Devolro Group, LLC, and Eduard Orlov was never paid $4,000 per week by Vasilii Bobkov or the company.

7.      Because Devolro Group, LLC, was a party to an ongoing litigation initiated by a third party, Vasilii Bobkov was afraid that any of his money investment into the company was going to be seized by the company's creditors.

8.      Vasilii Bobkov persuaded Eduard Orlov to perform a novation of their contractual agreement with respect to their rights and obligations in Devolro Group, LLC, and offered to sell Devolro Group, LLC, back to Eduard Orlov, and to purchase controlling interest in another of Eduard Orlov's companies, namely, in the Plaintiff in this case, American Technology Ventures, LLC.

9.      Eduard Orlov is not and has never been a consultant at American Technology Ventures, LLC. Eduard Orlov is the original founder, owner, member and manager of American Technology

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

Ventures, LLC. Eduard Orlov sold the Plaintiff company to Vasilii Bobkov on March 20, 2019.

10.     Defendant Eduard Orlov sold American Technology Ventures, LLC to Vasilii Bobkov, a citizen of the Russian Federation, who has his address at 1001 Brickell Bay Drive, #2700, Miami, Florida 33131, on March 20, 2019, at the price of $10.

11.     Following the sale of American Technology Ventures, LLC to Vasilii Bobkov by Defendant Eduard Orlov remained a member and manager of American Technology Ventures, LLC. Both parties, Vasilii Bobkov and Eduard Orlov, agreed that they would continue their original Devolro Group, LLC business arrangement as employees, members and managers of American Technology Ventures, LLC. Similarly to the parties' agreement in Devolro Group, LLC,  both parties were to be paid the same salary of $4,000 per week.

12.     Eduard Orlov has never been paid the $4,000 per week salary by American Technology Ventures, LLC.

13.     American Technology Ventures, LLC owes to Eduard Orlov the salary payments that it never paid to Eduard Orlov for at least 40 weeks in the year 2019, plus at least 34 weeks in the year 2020, for a total of 74 weeks to date, where, at the rate of $4,000 per week, the Plaintiff American Technology Ventures, LLC, owes Defendant Eduard Orlov the total compensation to date of at least $296,000.00. The missing salary payments keep accruing on an ongoing weekly basis. Plaintiff owes Defendant at least $296,000.00 in unpaid salary, plus interest.

14.     In the spring and summer of 2020, after Vasilii Bobkov failed to invest first into Devolro Group, LLC, and subsequently he failed to invest into American Technology Ventures, LLC, the $500,000 that he was contractually obligated to invest, so that the business has deteriorated and started to suffer financial hardship.

15.     Without any profits or promised salary payments, Eduard Orlov was forced to seek other sources of income and attempted to rebuild what once was a booming and successful business that has suffered a failure of capitalization promised by investor Bobkov, which never materialized.

16.     On or around June 2020, Eduard Orlov, who is the sole owner Devolro Group LLC, demanded of Vasilii Bobkov that American Technologies, Vasilii Bobkov, and Devolro Inc., return the property and assets of Devolro Group, LLC, without success, however.

17.     Eduard Orlov's demands were met by Vasilii Bobkov with false reports to the police

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

and exclusion of Orlov from the premises by Vasilii Bobkov, depriving Eduard Orlov of constructive possession of the equipment, tools, inventory, and property that Eduard Orlov and Devolro Group, LLC paid for and now were in Vasilii Bobkov's and his family's unlawful possession.

18.     Eduard Orlov never received any salary payments from Vasilii Bobkov, in contravention of the terms of the limited liability company operating agreement of Devolro Group, LLC.  Vasilii Bobkov invested almost no money into Eduard Orlov's businesses, first into Devolro Group, LLC, and later into American Technology Ventures, LLC.   Vasilii Bobkov ulawfully misappropriated Eduard Orlov's and his company's equipment.  As such, Eduard Orlov has been put in position of substantial financial harm and damages personally and as an owner of  Devolro Group LLC.

19.     Unbeknownst to Eduard Orlov, on or about September 10, 2019, Vasilii Bobkov and Bobkov's family members, such as Agnessa Bobkova the daughter, and Galina Bobkova the spouse, fraudulently, in secret, and without authorization from Eduard Orlov, misappropriated Eduard Orlov's domain name www.devolro.com. The Bobkov family gained access to the user ID and password for the www.devolro.com with the domain name Registrar www.101domain.com where the domain name was registered, from Eduard Orlov's computer desktop when he was out of the office, and unlawfully transferred Eduard Orlov's domain name to a different registrar, www.namecheap.com, thus locking out Eduard Orlov from having access to and control of his www.devolro.com domain name.

20.     The cause of action in the current Counterclaims against the Plaintiff, herein Counterdefendant, and others similarly situated arises out of Plaintiff's and others' similarly situateds' trademark infringement on Defendant's, herein Counterclaimant's, trademark DEVOLRO, and Defendant's, herein Counterclaimant's, domain name rights infringement.

21.     Vasilii Bobkov, having stolen and secured access to Eduard Orlov's domain name www.devolro.com, began operating the website by himself, separate and apart from Eduard Orlov, and began promoting his own, Vasilii Bobkov's business, under Eduard Orlov's DEVOLRO brand, having misappropriated the DEVOLRO brand for himself, in violation of Eduard Orlov's trademark rights in his DEVOLRO brand.

22.     The current owner of the DEVOLRO trademark and of its USPTO registration number 4331785 is Eduard Orlov's limited liability company Devolro Group, LLC, of which he is the sole

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

10

Owner, Member and Manager.

23.     Devolro Group, LLC, became the owner of the DEVOLRO trademark back on February 4, 2013, when Eduard Orlov brought the trademark into Devolro Group, LLC, as part of his contribution into the LLC along with an investor and co-owner of the LLC at the time, Mr. Oleg Lisitsyn, who is now deceased and is not a party to this lawsuit.

24.     Devolro Group, LLC remains the sole owner of the DEVOLRO trademark following the sale by Oleg Lisitsyn to Eduard Orlov of his ownership share in the LLC and following the temporary purchase of LLC interest by Vasilii Bobkov on January 22, 2019, and following the sale of Vasilii Bobkov's interest in the LLC back to Eduard Orlov on April 9, 2019.

25.     Namecheap, Inc., remains to be the holding registrar for the www.devolro.com domain name following the Babkovs' unauthorized transfer of the domain name to that registrar.

26.     Eduard Orlov created his trademark DEVOLRO in the year 2011. The mark DEVOLRO represents a reversed spelling of Eduard ("Ed") Orlov's first and last names: ED ORLOV, or ORLOV ED, i.e., where ORLOV ED, if written backwards, reads as DEVOLRO.

27.     Eduard Orlov registered his domain name www.devolro.com with the www.101domain.com Registrar on October 11, 2011.

28.     On October 14, 2011, Eduard Orlov organized his Devolro Inc., corporation in Florida with himself as the sole Owner of 100% shares and President.

29.     On December 1, 2011, Eduard Orlov began using trademark DEVOLRO in commerce in the USA in respect of providing automobile customization and tuning services as a full service custom shop.

25.     October 11, 2016, Eduard Orlov renewed his domain name www.devolro.com for a further 5 years.

26.     On September 12, 2012, Eduard Orlov filed his trademark application, Ser. No. 85726802, with the USPTO for DEVOLRO in Class 12 in respect of "Vehicle parts, namely, bumpers, suspension systems and lift kits".

27.     On January 23, 2013, Eduard Orlov organized Devolro Group LLC in Florida with himself as the sole Owner of 100% of ownership interest, and Member and Manager of the LLC.

28.     On May 7, 2013, DEVOLRO trademark was registered by the USPTO, under the Reg.

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

No. 4331785.

29.     On February 4, 2013, Eduard Orlov signed a contract with Oleg Lisitsyn, an investor, regarding Oleg Lisitsyn's investment into the LLC, with Oleg Lisitsyn becoming a 51% ownership interest shareholder of Devolro Group LLC.

30.     On October 22, 2014, Oleg Lisytsyn sold his share of Devolro Group LLC back to Eduard Orlov, exhiting the business, who thus became the 100% owner of LLC and of DEVOLRO brand, and of the DEVOLRO trademark and the trademark registration 4331785.

31.     On January 22, 2019, Eduard Orlov sold 51% of Devolro Group LLC, i.e., the company that owned and owns the DEVOLRO trademark, to Vasilii Bobkov in exchange for his expected $900,000.00 investment into Eduard Orlov's company Devolro Group, LLC, which investment Bobkov intended to use in order to obtain an EB-5 category immigrant visa through investment in the USA for himself and his family, which amounts Bobkov never invested into Devolro Group, LLC.

32.     On April 9, 2019, Vasilii Bobkov sold his 51% of Devolro Group LLC back to Eduard Orlov, who thus became 100% owner of interest in Devolro Group LLC, along with the DEVOLRO Brand, trademark and the trademark registration for DEVOLRO, and Devolro Group LLC remains the sole owner of the DEVOLRO trademark as of April 9, 2019 and it remains so today.

33.     On April 10, 2019, Eduard Orlov sold Devolro Inc to Vasilii Bobkov, without the DEVOLRO trademark, and without the domain name www.devolro.com, as the DEVOLRO trademark remains to be owned by Devolro Group LLC, and Eduard Orlov owns the domain name www.devolro.com. Neither Devolro, Inc., nor American Technology Ventures, LLC, is an owner of the DEVOLRO trademark, nor it is an owner of the domain name.

34.     On March 20, 2019, Eduard Orlov sold his company American Technology Ventures Inc to Vasilii Bobkov, which company was not and is not an owner of the DEVOLRO trademark or of the www.devolro.com domain name.

35.     Vasilii Bobkov is Eduard Orlov's former failed and bitter partner, who has no ownership in either Eduard Orlov's car business, DEVOLRO brand, the DEVOLRO trademark, or the www.devolro.com domain name, but who has been interfering with Eduard Orlov's and Devolro Group, LLC's such ownership for quite some time now, trying to unlawfully hijack and steal Eduard Orlov's DEVOLRO trademark, and his www.devolro.com domain name, to which he has no right.

12

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

36.     Vasilii Bobkov's latest illegal assignment that he caused to be recorded in July 2020 to American Technology Ventures Inc that he filed with the USPTO is unlawful and fraudulent. Neither American Technology Ventures Inc, nor Vasilii Bobkov personally, ever had any ownership interest in the DEVOLRO trademark.

37.     Eduard Orlov's Limited Liability Company, i.e., Devolro Group LLC, has been throughout the years, after the February 4, 2013 transfer of the DEVOLRO trademark to Devolro Group LLC by Eduard Orlov as President of Devolro Inc., and by Eduard Orlov individually, and it remains currently the sole owner of the DEVOLRO trademark and its registration number 4331785.

38.     Vasilii Bobkov, as the owner of the membership interest in American Technology Ventures, LLC, caused on July 21, 2020,  caused a fraudulent assignment of US trademark registration number 4331785 of the mark DEVOLRO, which Eduard Orlov created and registered with the USPTO in the name of Devolro, Inc., another company that Eduard Orlov owned and which he subsequently sold to Vasilii Bobkov for $10 on April 9, 2019, to be recorded with the USPTO on the Reel/Frame numbers 7003/0050, where Vasilii Bobkov purportedly transferred ownership of the trademark to American Technology Ventures, LLC, without having the power to do so.

39.     Eduard Orlov transferred the ownership of his DEVOLRO trademark and its registration number 4331785 company Devolro Group, LLC in the year 2013. The USPTO assignment records continued to show that the original registrant, Eduard Orlov's company Devolro, Inc., was the owner of the DEVOLRO trademark registration number 4331785.

40.     At the time of the attempted fraudulent assignment by Vasilii Bobkov of the DEVOLRO trademark from Devolro, Inc., to American Technology Ventures, LLC, the trademark registration number 4331785 was in fact owned by Devolro Group, LLC, which is in turn owned by Eduard Orlov, and as such, Vasilii Bobkov had no legal basis for such assignment, and did the fraudulent assignment in violation of Devolro Group LLC's and Eduard Orlov's rights in the trademark DEVOLRO and in its registration number 4331785, thus causing damages to Eduard Orlov and to Devolro Group LLC.

41.     On September 8, 2020, Counterdefendant American Technology Ventures, LLC, together with another company formerly owned by Eduard Orlov, and which he sold to Vasilii Bobkov, i.e., Devolro, Inc., has filed a frivolous lawsuit against Counterclaimant Eduard Orlov, and

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

13

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

Eduard Orlov's company Devolro Group, LLC, in federal court in this district, i.e., US District Court for the Southern District of Florida, alleging trademark infringement. The case number of that federal court complaint is 1:20-cv-23728-KMW. That case's caption is AMERICAN TECHNOLOGY VENTURES, LLC, and DEVOLRO INC., vs. EDUARD ORLOV and DEVOLRO GROUP LLC.

## COUNT I
## BREACH OF WRITTEN EMPLOYMENT CONTRACT

1.      Counterclaimant hereby repeats and re-alleges all of the allegations contained in the above counts, as if fully restated and set forth at length herein.

2.      Counterclaimant and Counterdefendant entered into a written employment agreement by way of signing a limited liability company Operating Agreement of Devolro Group, LLC, as described above to pay Counterclaimant for his work.

3.      Pursuant to the parties' agreement Counterdefendant agreed to compensate the Counterclaimant at the terms specified above.

4.      An essential term of the employment agreement was that Cross-Defendant would pay Cross-Plaintiff $4,000 per week according to the terms of said agreement.

5.      Cross-Defendant has willfully failed to pay Cross-Plaintiff for worked performed.

6.      Cross-Plaintiff has been damaged due to Cross-Defendant's willful failure to pay Cross-Plaintiff the appropriate agreed upon weekly salary of $4,000 for the duration of at least 74 weeks, and ongoing.

7.      Pursuant to § 448.08, Fla. Stat. (2019), Plaintiff is entitled to costs of the action and a reasonable attorney's fee.

WHEREFORE, Cross-Plaintiff requests judgment against the Cross-Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as the court may deem proper.

## COUNT II
## BREACH OF ORAL EMPLOYMENT CONTRACT

8.      Counterclaimant hereby repeats and re-alleges all of the allegations contained in the above counts, as if fully restated and set forth at length herein.

9.      Counterclaimant and Counterdefendant entered into an oral employment agreement through novation by way of agreeing orally to continue the agreement between the parties pursuant to the signed limited liability company Operating Agreement of Devolro Group, LLC, and to transfer

14

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

such agreement orally onto the American Technology Ventures, LLC, in order for Counterclaimant to get paid for his work on promotion and operation of the DEVOLRO brand truck modification business.

10.  Pursuant to the parties' agreement Counterdefendant agreed to compensate the Counterclaimant at the terms specified above, i.e., $4,000.00 per week.

11.  An essential term of the employment agreement was that Cross-Defendant would pay Cross-Plaintiff $4,000 per week according to the terms of said agreement.

12.  Cross-Defendant has willfully failed to pay Cross-Plaintiff for worked performed.

13.  Cross-Plaintiff has been damaged due to Cross-Defendant's willful failure to pay Cross-Plaintiff the appropriate agreed upon weekly salary of $4,000 for the duration of at least 74 weeks, and ongoing.

14.  Pursuant to § 448.08, Fla. Stat. (2019), Plaintiff is entitled to costs of the action and a reasonable attorney's fee.

WHEREFORE, Cross-Plaintiff requests judgment against the Cross-Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as the court may deem proper.

**COUNT III**
**UNJUST ENRICHMENT**

15.  Counterclaimant hereby repeats and re-alleges all of the allegations contained in the above counts, as if fully restated and set forth at length herein.

16.  As an alternative pleading to the allegations in Counts I and II, Counterclaimant gave Counterdefendant benefits but was not compensated fully for his services.

17.  Counterdefendant has accepted these services and never objected to the same.

18.  Through non-payment of salary due to Counterclaimant for over 74 weeks and continuing, Counterdefendant has been unjustly enriched in the amount of at least $296,000.00

19.  Counterclaimant has been damaged due to Counterdefendant's willful failure to pay Plaintiff for all of his services.

20.  Pursuant to § 448.08, Fla. Stat. (2019), Plaintiff is entitled to costs of the action and a reasonable attorney's fee.

WHEREFORE, Plaintiff requests judgment against the Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

further relief as the court may deem proper.

**COUNT IV**
**TRADEMARK INFRINGEMENT**

21.    Counterclaimant and Devolro Group, LLC hereby repeats and re-alleges all of the allegations contained in the above counts, as if fully restated and set forth at length herein.

22.    Defendant Eduard Orlov and his company Devolro Group, LLC, of which Eduard Orlov is the sole owner, member and manager, remain to be the sole owners of the DEVOLRO trademark and the trademark registration number 4331785.

23.    Vasilii Bobkov and American Technology Ventrures, LLC committed trademark infringement by having caused a fraudulent assignment of US trademark registration number 4331785 of the mark DEVOLRO to American Technology Ventures, LLC, in violation of Devolro Group, LLC's and Eduard Orlov's trademark rights in the DEVOLRO mark, thus causing damages to Eduard Orlov and Devolro Group, LLC.

24.    Counterdefendant committed trademark infringement through Counterdefendant's unauthorized and unlawful misappropriation and use of trademark DEVOLRO in violation of the trademark rights of Counterclaimant and his company Devolro Group, LLC, in said trademarks.

25.    With full knowledge and awareness of the Counterclaimant's ownership and prior use of the DEVOLRO trademark, Counterdefendant has willfully used, are using, and will continue to use Counterclaimant's and his company's trademarks on identical or related goods and services in a manner that is likely to cause confusion, reverse confusion, or to cause mistake or deceive.

26.    Counterdefendant's acts constitute infringement, use of a confusingly similar mark, and use of a spurious mark which is confusingly similar to the Counterclaimant's DEVOLRO trademark in violation of 15 U.S.C. §1114.

27.    Such conduct on the part of Counterdefendant has caused and will continue to cause irreparable injury to Counterclaimant for which he has no adequate remedy at law.

WHEREFORE, Counterclaimant Eduard Orlov and Devolro Group, LLC respectfully demand judgment against the Counterdefendant American Technology Ventures, LLC, dismissing its complaint; an injunction against Counterdefendant Counterdefendant's use of DEVOLRO trademark; for an order that Eduard Orlov and his company Devolro Group, LLC, are the sole and true owners of the DEVOLRO mark; for an award of damages to Eduard Orlov in the amount the Court deems fair

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

16

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

and equitable; any other reasonable damages to Eduard Orlov that the Court may deem proper; and the cost of defending against the Counterdefendant's lawsuit.

## COUNT V
## FALSE DESIGNATION OF ORIGIN

28.     Counterclaimant and Devolro Group, LLC hereby repeat and re-allege all of the allegations contained in the above counts, as if fully restated and set forth at length herein.

29.     The aforementioned acts of Counterdefendant American Technology Ventures, LLC, constitute the use of a false designation of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. §1125(a).

30.     Such conduct on the part of Counterdefendant has caused and will continue to cause irreparable injury to Counterclaimant, for which Counterclaimant has no adequate remedy at law.

WHEREFORE, Counterclaimant Eduard Orlov and Devolro Group, LLC respectfully demands judgment against the Counterdefendant American Technology Ventures, LLC, dismissing its complaint; an injunction against Counterdefendant Counterdefendant's use of DEVOLRO trademark; for an order that Eduard Orlov and his company Devolro Group, LLC, are the sole and true owners of the DEVOLRO mark; for an award of damages to Eduard Orlov in the amount the Court deems fair and equitable; any other reasonable damages to Eduard Orlov that the Court may deem proper; and the cost of defending against the Counterdefendant's lawsuit.

## COUNT VI
## STATUTORY AND COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT AND UNFAIR COMPETITION

31.     Counterclaimant and Devolro Group, LLC hereby repeat and re-allege all of the allegations contained in the above counts, as if fully restated and set forth at length herein.

32.     The aforementioned acts of Counterdefendant constitute trademark and trade name infringement and unfair competition in violation of FL Stat § 495 (2015), and common law of the state of Florida.

33.     Such conduct on the part of Counterdefendant has caused and will continue to cause irreparable injury to Counterclaimant, for which he has no adequate remedy at law.

WHEREFORE, Counterclaimant Eduard Orlov and Devolro Group, LLC respectfully demand

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

judgment against the Counterdefendant American Technology Ventures, LLC, dismissing its complaint; an injunction against Counterdefendant's use of DEVOLRO trademark; for an order that Eduard Orlov and his company Devolro Group, LLC, are the sole and true owners of the DEVOLRO mark; for an award of damages to Eduard Orlov in the amount the Court deems fair and equitable; any other reasonable damages to Eduard Orlov that the Court may deem proper; and the cost of defending against the Counterdefendant's lawsuit.

## COUNT VII
## THEFT BY CONVERSION

34.    Counterclaimant hereby repeats and re-alleges all of the allegations contained in the above counts, as if fully restated and set forth at length herein.

35.    Counterplaintiff purchased and has ownership rights to the equipment, tools, and inventory that was installed, located, or stored at Counterclaimant's working facility which is now unlawfully occupied by Counterdefendant.

36.    Counterclaimant demanded the return of the property, tools, equipment, and inventory from Counterdefendant which was not returned.

37.    The tools, equipment, and inventory are required for Counterclaimant to make a living and pay employees, lack of these is causing daily losses to Counterclaimant who has no funds currently to repurchase this expensive equipment, tools, and inventory.

38.    The lack of access to domain name which is a property of Counterclaimant prevents him from generating new income or revenue which is causing additional substantial loss.

39.    Cross-Defendant has and has exercised full possession of control and is using the property for its own gain.

40.    Cross-Defendant has willfully failed to return the property upon demand requiring Cross-Plaintiff to retain counsel.

41.    Pursuant to § 448.08, Fla. Stat. (2019), Plaintiff is entitled to costs of the action and a reasonable attorney's fee.

WHEREFORE, Cross-Plaintiff requests judgment against the Cross-Defendant for an immediate return of the equipment, tools, inventory, domain and other property and compensation for the damages caused and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as the court may deem proper.

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

18

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

## COUNT VIII
## FRAUD IN THE INDUCEMENT

42.     Counterclaimant hereby repeats and re-alleges all of the allegations contained in the above counts, as if fully restated and set forth at length herein.

43.     Counterclaimant and Counterdefendant have entered into a contract, and subsequently several business transactions based on this agreement.

44.     Counterclaimant was induced by Counterdefendant to make an agreement based on the promise of Counterdefendant to make a million-dollar investment for business expansion. Counterdefendant has further re-affirmed his promise by making the investment a condition of him getting his Investor Immigration EB-5 visa that requires a minimum investment.

45.     Counterclaimant knew or should have known that the statement was false, and further proves that point by failing to make the required investment in the company.  To further illustrate this at no time Counterclaimant has made investment into expansion of the company in the amounts stated in agreement.

46.      Counterclaimant, who at the time operated a successful business and were looking for expansion capital relied on the false statements of the Counterdefendant.  To its detriment and with continued promise of investment from Counterdefendant, Counterclaimant was induced into making several interest changes and copany ownership transfers but the money never came.

47.     Counterclaimant relied on the statements of Counterdefendant and as a direct result suffered loss of income, loss of sales, loss of property, and loss of operational control resulting in substantial financial damages.

48.     To recover damages Cross-Plaintiff was forced to retain counsel.

49.     Pursuant to § 448.08, Fla. Stat. (2019), Plaintiff is entitled to costs of the action and a reasonable attorney's fee.

WHEREFORE, Cross-Plaintiff requests judgment against the Cross-Defendant compensation for the damages caused and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as the court may deem proper.

///

///

///

ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD
ORLOV TO PLAINTIFF'S COMPLAINT

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

**DEMAND FOR JURY**

Defendant EDUARD ORLOV and Devolro Group, LLC hereby request a jury trial in this matter.

Respectfully submitted,

DATED:          September 11, 2020          **MUNCK WILSON MANDALA, LLP**

By: /s/ Amanda Greenspon
    Amanda Greenspon, Esq.
    Attorney for Defendant Eduard Orlov

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

**ANSWER/COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV TO PLAINTIFF'S COMPLAINT**

**PROOF OF SERVICE**
*American Technology Ventures, LLC v. Ed Orlov*
Case No. CACE-20-010937

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1925 Century Park East, Suite 2300, Los Angeles, California 90067.

On September 11, 2020, I served true copies of the following document(s) described as: **DEFENDANT/COUNTERCLAIMANT EDUARD ORLOV'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**[X]       BY MAIL:** I caused to be served the enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Munck Wilson Mandala, LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 11, 2020, at Los Angeles, California.


*/s/Sarabi Rodriguez*
Sarabi Rodriguez

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

**PROOF OF SERVICE**

**SERVICE LIST**
*American Technology Ventures, LLC v. Ed Orlov*
Case No. CACE-20-010937

Anastasiya Sack, Esq.
The Law Offices of Anastasiya Sack, PLLC
525 71st Street #6537
Miami Beach, FL 33141
Phone: (305) 206 – 1995
Email: asack@yahoo.com

*Attorneys for Plaintiff*
*American Technology Ventures, Inc*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

**PROOF OF SERVICE**