UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61857-CIV-ALTMAN/Hunt

**AMERICAN TECHNOLOGY**
**VENTURES, LLC**,

    *Plaintiff*,

v.

**EDUARD ORLOV**,

    *Defendant*.
_____/

## ORDER TO SHOW CAUSE

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). It is thus the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

## THE FACTS

The Plaintiff, American Technology Ventures, LLC, is a limited liability company registered in Delaware, with its principal place of business in Miami, Florida. *See* Notice of Removal [ECF No. 1] ¶ 1. Its sole member is a citizen of Russia. *Id.* ¶ 7. The Defendant, Eduard Orlov, is a resident of Florida and a citizen of Russia. *Id.* ¶ 2. The Plaintiff sued the Defendant in Florida state court for (1) breach of fiduciary duty, (2) breach of the implied covenant of good faith and fair dealing, and (3) unjust enrichment—all based on the Defendant's allegedly improper withdrawal of funds from the Plaintiff's bank account. *See id.* at Ex. A (Plaintiff's state-court

Complaint) ¶¶ 1, 3–4. As redress, the Plaintiff claimed damages of between $30,000 and $74,999. *See id.* ¶ 5.

The Defendant answered in state court and filed counterclaims against the Plaintiff, alleging (among other things) trademark infringement under the Lanham Act, 15 U.S.C. § 1125. *See generally* Notice of Removal, Ex. C (Defendant's state-court Answer and Counterclaims). That same day, September 11, 2020, the Defendant removed this case to federal court, asserting (in the Notice of Removal) that this Court has jurisdiction under 28 U.S.C §§ 1331, 1332, 1338, 1367, 1441, 1446(c), and 15 U.S.C. § 1051 *et seq. See id.* ¶ 11. In that Notice, the Defendant further averred that (1) his state counterclaim of $296,000 (plus interest) raised the amount in controversy above $75,000, *id.* ¶ 6, and that (2) the parties are diverse because both he and the Plaintiff's sole member are citizens of Russia, *id.*

## THE LAW

"The burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). Any doubt regarding the propriety of removal must be "resolved against removal." *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003).

### I. Federal-Question Jurisdiction

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "well-pleaded complaint" rule applies to cases in which the Court's federal-question jurisdiction is invoked. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under that rule, a defendant may remove under the Court's federal-question jurisdiction only if the Court can glean a federal cause of action from the face of the complaint. *Id.*; *see also Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns,*

*Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) ("[T]he plaintiff's properly pleaded complaint governs the jurisdictional determination.").

Federal-question jurisdiction cannot, however, arise from a defendant's counterclaims. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (holding that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction"); *see also Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) ("[28 U.S.C. § 1441(a)] . . . does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action."); *Am. Gen. Fin. Servs. of Alabama, Inc. v. Witherspoon*, 426 F. App'x 781, 782 (11th Cir. 2011) ("Ordinarily, federal jurisdiction may not be predicated upon an actual or anticipated counterclaim, even where that counterclaim is compulsory."); *Frenchy Stars, LLC v. Fountainebleau Fla. Hotel, LLC*, 2012 WL 12895225, at *1 (S.D. Fla. May 25, 2012) (remanding a case that had been removed only on the basis of the defendant's Lanham Act counterclaims for trademark infringement, unfair competition, and dilution).

## II. Diversity Jurisdiction

District courts have original jurisdiction in "civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1332). But federal courts "do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1558 (11th Cir. 1989)); *see also Magdalena v. Toyota Motor Corp.*,

2013 WL 12092086, at *7 (S.D. Fla. July 10, 2013) ("Because both Plaintiffs are aliens and Defendant TMC is an alien, and because there are no U.S. Plaintiffs in the case, diversity jurisdiction does not exist."). Section 1441(b)(2) also prevents removal under the Court's diversity jurisdiction where *any* of the parties "properly joined and served as defendants is a citizen of the State in which such action is brought."

## ANALYSIS

The Defendant has not shown that this Court can exercise its federal-question jurisdiction over this case. In fact, his argument for federal-question jurisdiction is premised on the counterclaim he's brought. *See* Notice of Removal ¶ 5 (arguing that there is federal-question jurisdiction based on "federal statutory claims[,] such as claims of trademark infringement *as committed by the Plaintiff*") (emphasis added). But, as we've explained, a defendant cannot remove a case on the basis of federal claims he advanced in a counterclaim. *See Holmes Grp.*, 535 U.S. at 831.

Nor has the Defendant established that at least one of the parties is a citizen of a State, *see Iraola*, 232 F.3d at 860—or that he's a citizen of a State, but not a citizen of Florida. If he isn't a citizen of any State—or if he is a citizen of Florida—removal would be improper under § 1441(b)(2), which bars removal if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

\*\*\*

For all these reasons, the Court hereby

**ORDERS** the Defendant to **SHOW CAUSE** by **November 6, 2020** why this case should not be remanded for lack of subject-matter jurisdiction.

4

**DONE AND ORDERED** in Fort Lauderdale, Florida this 29th day of October 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
      Plaintiff, *pro se*